IN THE U.S DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

**Vhaibhav Phukela**,
    Plaintiff(s)

v.

**A One Auto Sales, LLC, Desmond Joseph, Meeta Joseph, and Meeta Joseph, LLC**,
    Defendant(s)

Case No: 6:21-cv-919

## ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND

### ANSWER

Defendants, **A One Auto Sales, LLC, Desmond Joseph, Meeta Joseph, and Meeta Joseph, LLC**, answer the Plaintiff's Complaint of April 29, 2021 and state as follows in response to each paragraph thereof:

1. Without knowledge and therefore denied.

2. Admitted.

3. Admitted.

4. Admitted.

5. It is admitted that Desmond Joseph is the CEO of A One. It is admitted that Desmond Joseph resides in Orange County. It is admitted that MJLLC and A One do business in Orange County. Otherwise, denied.

6. It is admitted that this court has personal jurisdiction over the parties and subject matter. Otherwise, denied.

1

7. It is admitted that venue is proper in this Court. Otherwise, denied.

8. It is admitted that venue is proper in this Court. Otherwise, denied.

9. It is admitted that this court has personal jurisdiction over the parties. Otherwise, denied.

10. It is admitted that Plaintiff and Defendants A One and Desmond Joseph were both involved in some capacity in the automobile dealership to be known as A One Auto Sales. Otherwise, denied.

11. Denied.

12. Denied.

13. Denied.

14. It is admitted that Desmond Joseph and A One no longer permit Plaintiff any access to the assets of A One. It is denied that Plaintiff contributed "two years of work" to A One. Otherwise, denied.

15. Denied

16. Denied.

### COUNT 1 – UNJUST ENRICHMENT

17. Defendants restate their responses to the preceding paragraphs.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

### COUNT 2 – FLSA

This count states allegations against Defendants A One and Desmond Joseph, only. Therefore, this answer is asserted on behalf of Defendant A One and Desmond Joseph, only.

23. Defendants restate their responses to the preceding paragraphs.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

40. Without knowledge and therefore denied.

AFFIRMATIVE DEFENSES

1. <u>Improper Incorporation</u>. In Count 2, Plaintiff has improperly incorporated all of the allegations of Count 1. Such incorporation violates Rule 10(b), Fed. R. Civ. Pro., as well as the applicable state court pleading requirements when it was filed in state court. See <u>Frugoli v. Winn-Dixie Stores, Inc.</u>, 464 So. 2d 1292 (Fla. 1st DCA 1985). It appears that none of the allegations of Count 1 (paragraphs 17-22) are relevant to Count 2 and that incorporation was inadvertent. Defendants are responding under an assumption that Count 2 was meant to include the allegations only of paragraphs 1 through 16 and 23-40. However, if and to the extent Plaintiff seeks additional relief under Count 2 arising from the allegations of paragraphs 17-22, Count 2 should be dismissed because it fails to set forth his allegations with clarity in violation of Rule 10(b).

2. <u>Setoff – Counterclaims</u>. Any relief awarded to Plaintiff under Counts 1 or 2 should be set off and reduced by any amounts awarded to Defendants pursuant to such claims.

3. <u>Setoff – Count 2 – Misappropriation</u>. Any relief awarded to Plaintiff under Count 2 should be set off and reduced by any amounts that Plaintiff misappropriated from Defendants A One and Desmond Joseph during the time period Plaintiff alleges he worked for them.

4

4. <u>Unclean Hands</u>. Count I fails because Plaintiff comes to this Court with unclean hands. Plaintiff has engaged in conduct in the course of business of the entities involved that would be condemned by honest and reasonable persons. Plaintiff's specific acts will be more fully set forth in Defendants' Counterclaim.

5. <u>Corporate Veil</u>. Plaintiff cannot recover against Desmond Joseph or Meeta Joseph under Count 1 absent a showing that the business entity was intentionally organized or employed to mislead creditors or to work a fraud upon them. It was not so organized.

6. <u>FLSA Minimum Wage Rate</u>. In Count 2, Plaintiff alleges that the applicable minimum wage under the FLSA was $8.46 in 2019 and $8.56 in 2020. This is inaccurate. Applicable minimum wage under the FLSA at all relevant times was $7.25. If and to the extent Defendants are liable under the FLSA, which Defendants deny, the applicable minimum wage should be $7.25.

7. <u>FLSA Regular Rate</u>. In Count 2, Plaintiff alleges that his "actual and reasonable market rate" was $25.00 per hour. The FLSA does not provide for payment of an alleged employee's "actual and reasonable market rate." The FLSA, if applicable, provides for payment of minimum wages of $7.25/hour and overtime at 1.5 times the employee's "regular rate." If and to the extent Defendants are liable under the FLSA, which Defendant's deny, the applicable regular rate is $7.25.

8. <u>FLSA Non-Employee</u>. Plaintiff was not an employee of any Defendant for the purposes of Count 2. He was a partner in the business. As such, he is not covered by the FLSA.

9. <u>FLSA Exemption</u>. If and to the extent Defendants and Plaintiff are covered by the FLSA, which Defendants deny, Plaintiff is exempt from the overtime and

5

minimum wage requirements of the FLSA. Defendants deny that Plaintiff performed work as an employee of Defendants. However, to the extent the Court finds that Plaintiff did perform work as an employee for a Defendant, Plaintiff's work would have been exempt under the FLSA. His would have been covered by the Highly Compensated Employee exemption, the Administrative Exemption, the Executive Exemption, and/or the Computer Employee Exemption.

10. <u>FLSA Statute of Limitations</u>. Defendants' claims under Count 2 are barred in whole or in part by the applicable statute of limitations, which is two years.

## COUNTERCLAIM

Defendants intend to assert counterclaims. Simultaneously with this motion, Defendants have moved for a brief extension of time to prepare and file their counterclaims.

## JURY TRIAL DEMAND

Defendants demand a trial by jury on all matters so triable.

WHEREFORE, Defendants demand judgment for Defendants, that Plaintiffs go hence without day, and such other relief as the Court may deem appropriate.

CERTIFICATE OF SERVICE

      I hereby certify that on June 3, 2021, this document was filed with the CM/ECF system, which will automatically serve a copy on all CM/ECF participants. In addition, because Plaintiff has not yet entered an appearance in the federal case, a copy has been served via email on Plaintiffs' counsel pursuant to the previously applicable Florida Rules of Civil Procedure and the Florida Rules of Judicial Administration.

      /s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
BLOODWORTH LAW, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
Office: 407-777-8541
Mobile: 863-288-0234
Service emails:
KBrinson@LawyerFightsForYou.com
Eupshur@LawyerFightsForYou.com
Counsel for Defendants

7