IN THE U.S DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

VAIBHAV PHUKELA,

        PLAINTIFF,

v.

A ONE AUTO SALES, LLC, DESMOND JOSEPH, MEETA JOSEPH AND MEETA JOSEPH, LLC,

        DEFENDANTS.

Case No.6:21-cv-919

## ANSWER AND AFFIRMATIVE DEFENSES

COMES NOW Plaintiff, through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, and files this Answer and Affirmative Defenses to the Counterclaim of Defendants, A One Auto Sales, LLC ("A One"), Desmond Joseph ("Joseph"), Meeta Joseph and Meeta Joseph, LLC ("MJLLC"). Plaintiff's responses are only as to the allegations and claims of the Defendants as they pertain to Plaintiff and not the third-party Defendants.

## ANSWER

1. Admitted.

2. Admitted.

3. Admitted

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. This entity has been dissolved since 2018.

10. Admitted.

11. Denied. Federal counterclaims and defenses are inadequate to confer federal Jurisdiction. The well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. Where, as here, the only basis for removal is the assertion of a federal counterclaim, the Court lacks subject matter jurisdiction.

12. Denied.

13. Denied.

14. Admitted.

15. Plaintiff and Joseph are Canadian citizens. Otherwise denied.

16. Plaintiff lacks sufficient knowledge to answer or deny these allegations.

17. Plaintiff formed MRV Investments, and he and his mother purchased a gas station. Otherwise denied.

18. It was Joseph that approached Plaintiff for funding. Admitted that Plaintiff does have certain immigration experience. Otherwise denied including as mischaracterized and vague.

19. Plaintiff does have certain immigration experience. Otherwise denied.

20. Denied.

21. Denied.

22. Denied.

23. Admitted only that Plaintiff stayed at the Joseph's home for a short time in 2017. Otherwise denied.

24. Denied.

25. Plaintiff lacks sufficient knowledge to answer or deny these allegations.

26. Plaintiff lacks sufficient knowledge to answer or deny these allegations.

27. Plaintiff did form Esso Canada, LLC. Otherwise denied.

28. Denied.

29. Plaintiff lacks sufficient knowledge to answer or deny these allegations. Otherwise denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Denied.

35. Denied.

36. Admitted only that an agreement exists and that such agreement including its mandatory and binding arbitration provision speak for themselves.

37. Joseph breached the agreement from its inception in multiple material ways and was not entitled to the payments he alleges. Otherwise denied.

38. Denied.

39. Denied.

40. Admitted.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

45. Admitted that Plaintiff performed some of these services and others for A One. Plaintiff also washed and repaired cars. Joseph and Plaintiff had access to the bank accounts as well as Meeta Joseph. Otherwise, denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

51. Denied.

52. Denied.

53. Any such work was approved by Joseph. Otherwise denied.

54. Denied.

55. Denied.

56. Denied. This purported deal was directed by Joseph.

57. Admitted as directed by Joseph. Otherwise denied.

58. Admitted only that any failure of this deal was caused by Joseph's spending of the money. Otherwise, Denied.

59. Denied. Payments for these tucks came from First Power.

60. Mr. Bozzuto withdrew his own cash; the $21,590 was Mr. Bozzuto paying his own rent and other expenses as related to a Lake County Court case; Mr. Bozzuto Transferred $70,000 into First power by the direction of Joseph and the funds were also used to pay for

inventory of cars for A One, as Mr. Joseph had full access to the accounts, and it also paid for the personal expenses of Mr. Joseph. Otherwise denied.

61. Plaintiff lacks sufficient knowledge to answer or deny these allegations. Otherwise denied.

62. Admitted.

63. Admitted as to most but not all cars.

64. Denied. All such records and items are in the possession of Joseph and A One.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

69. Denied.

70. Denied.

71. Denied.

72. Admitted.

73. Admitted that Plaintiff attempts to assert such cause of action. Otherwise denied.

74. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

75. Denied.

76. Denied.

77. Denied. Plaintiff denies each of the Defendants' wherefore clauses in their Counterclaims alleged against Plaintiff.

78. Admitted that Defendants attempt to assert such cause of action. Otherwise

denied.

79. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

80. Denied.

81. Denied.

82. Denied.

83. Denied.

84. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

85. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

86. Denied.

87. Denied.

88. Denied.

89. Denied.

90. Denied.

91. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

92. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

93. Denied.

94. Denied.

95. Denied.

96. Denied.

97. Denied.

98. Denied.

99. Plaintiff's responses each of the prior allegations of the Counterclaim are hereby incorporated by reference.

100. Denied.

101. Denied.

102. Denied.

103. Admitted Defendants attempt to assert such claims. Otherwise denied.

104. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

105. Denied.

106. Denied.

107. Denied.

108. Denied.

109. Admitted that Plaintiff attempts to assert such cause of action. Otherwise denied.

110. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

111. Admitted only that once Plaintiff was removed from the property and all access from A One, Plaintiff stopped access to the website and email as he was personally paying for it, and it did not belong to A One. Otherwise, denied.

112. Plaintiff lacks the full and sufficient knowledge to answer or deny these allegations as he was not present at A One and did not have access to such information. Otherwise denied.

113. Plaintiff lacks the full and sufficient knowledge to answer or deny these allegations as he was not present at A One and did not have access to such information. Otherwise denied.

114. Denied.

115. Denied.

116. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

117. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

118. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

119. Denied.

120. Denied.

121. Denied.

122. Denied.

123. Denied.

124. Denied.

125. Admitted Defendants attempts to assert such cause of action. Otherwise denied.

126. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

127. Denied.

128. Denied

129. Denied.

130. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

131. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

132. Denied.

133. Denied.

134. No response is required by Plaintiff as this claim is asserted against a third party.

135. No response is required by Plaintiff as this claim is asserted against a third party.

136. No response is required by Plaintiff as this claim is asserted against a third party.

137. No response is required by Plaintiff as this claim is asserted against a third party.

138. No response is required by Plaintiff as this claim is asserted against a third party.

139. No response is required by Plaintiff as this claim is asserted against a third party.

140. No response is required by Plaintiff as this claim is asserted against a third party.

141. No response is required by Plaintiff as this claim is asserted against a third party.

142. No response is required by Plaintiff as this claim is asserted against a third party.

143. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

144. Plaintiff's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151. Denied.

152. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any relief afforded the Defendants through their Counterclaims shall be set-off by the

relief awarded the Plaintiff.

## SECOND AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred or subject to dismissal, in whole or in part, for failure to state a plausible claim upon which relied may granted as they do not state plausible claims for relief and because Defendants combine all of Counterclaim-Plaintiffs' claims together in the Counts of the Counterclaim and assert such claims against the Plaintiff and the separate third-party Defendants generally without specifying which facts support the claims for a particular Counter-plaintiff as to the Plaintiff.   This Counterclaim asserts multiple claims against multiple parties without specifying which of the parties are responsible for which acts or omissions, or what claims are brought against a particular party.   In light of the Counterclaim's conclusory language and over-use of incorporations by reference, mere reference to "all the Phukela Parties", "all the Joseph Parties" and that "the transactions between the parties are extensive and complicated" does not give fair notice to Plaintiff of what |claim and allegations are against him and the grounds upon which they rest.  This applies to each of the claims in the Counterclaim.

## TIHRD AFFIRMATIVE DEFENSE

Defendants' Counterclaims are barred or subject to dismissal, in whole or in part, for improper incorporation by reference.  Each of the Counts incorporate all or most of the preceding material by reference.  Such repeated incorporations by reference fill each count with factual allegations that could not possibly be material to that specific count in violation of Rule 10(b)'s requirement to plead separate claims in separate counts.  This makes Plaintiff's failure-to-state-a claim analysis a matter of guesswork rather than a reasoned decision.

**FOURTH AFFIRMATIVE DEFENSE**

Defendants' equitable accounting claims against Plaintiff are barred or should be dismissed because they have failed to sufficiently allege a fiduciary relationship by Plaintiff with the Defendants, because their general allegations that the transactions at issue are complex are insufficient, and because their legal remedy by definition and based upon their 12 count Counterclaim is adequate. To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party. Defendants failed to so plead. A party seeking an accounting based on the complexity of the transaction must show that the transactions are so complicated that a jury would not be able to ascertain damages and a remedy at law is inadequate, which the Defendants also failed to allege. Defendants assert claims by all the "Joseph Parties" against all the "Phukela Parties" for an equitable accounting yet fail to delineate any specific basis to support such a claim by any particular "Joseph Party" against any particular "Phukela Party".

**FIFTH AFFIRMATIVE DEFENSE**

The Defendants' implied contract claims against Plaintiff are barred or should be dismissed because an alleged oral or written agreement exists governing the relationship of the parties.

**SIXTH AFFIRMATIVE DEFENSE**

Defendants' alter ego doctrine and piercing the corporate veil claims are barred and/or subject to dismissal or being stricken, in addition to the grounds previously asserted, because they are irrelevant and can only be presented if the corporation itself is found liable and the judgment against the corporation is unsatisfied. Defendants also fail to sufficiently allege and cannot prove a lack of separateness between the corporation and its shareholder; improper conduct in

the use of the corporation by the shareholder; and that the improper conduct was the proximate cause of the alleged loss. Defendants have not alleged and cannot show that the corporation's independent existence, was in fact non-existent.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all claims relating to Plaintiff and MRV Investments of Canada, LLC are subject to binding arbitration.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in part by the equitable defense of unclean hands that bars relief against Plaintiff for their own inequitable behavior, fraud, or deceit as shown, among other ways, by the many false statements in the Counterclaim.

## NINTH AFFIRMATIVE DEFENSE

Defendants' claims, including but not limited to those in Counts 2 through 4 of Counterclaim, are barred in whole or in part under the first breach doctrine.

## TENTH AFFIRMATIVE DEFENSE

Defendants' equitable and implied in fact or law claims are barred in whole or in part by the alleged existence of oral and written contracts that govern the parties and subject matter.

## ELEVENTH AFFIRMATIVE DEFENSE

The tortious interference claims are barred in whole or in part by the protection privilege where it is alleged that Plaintiff interfered with a business relationship to protect his own contractual and financial interest and because Plaintiff cannot interfere with a business relationship to which he was a party.

## TWELFTH AFFIRMATIVE DEFENSE

The Defendants' claim for declaratory judgment, like many of their claims, falls far short

of stating a claim upon which relief may be granted. Defendants fail to assert many of the required and necessary elements of this cause of action including the present, ascertained or ascertainable state of facts or present controversy as to a state of facts; the antagonistic and adverse interest(s) are all before the court by proper process and the relief sought is not merely giving of legal advice. Defendants' allegations are vague, conclusory and fail to meet the pleading requirements of the Federal Rules of Civil Procedure.

## THIRTEENTH AFFIRMATIVE DEFENSE

The claims under the Fair Labor Standards Act in the Counterclaim are barred by the applicable statute of limitations. These claims also fail because they do not allege how the Defendants are covered employers under FLSA minimum wage and overtime compensation requirements or that they are even an enterprise engaged in commerce or in the production of goods for commerce. Joseph also failed to allege that he was a covered non-exempt employee under the FLSA. Joseph failed to state a claim for a violation of the FLSA because he did not allege facts that, if proved, would establish individual or enterprise coverage under the FLSA. Joseph makes no allegations regarding coverage or commerce. Joseph makes no specific allegations and provides no factual context regarding the hours he allegedly worked without adequate compensation. In fact, he worked no hours and his FLSA claim and breach of contract claims are frivolous. Joseph fails to establish a plausible claim by not estimating the length of his average workweek during the applicable period and the average rate at which he was paid, the amount of overtime wages he believes he is owed, or any other facts that will permit the court to find plausibility.

## FORTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction. Plaintiff's Amended Complaint does not

contain any federal question basis for jurisdiction, there is no diversity jurisdiction and Defendants' Counterclaim and Third-Party Claims cannot support federal jurisdiction in this case. Federal counterclaims and defenses are inadequate to confer federal jurisdiction. The well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. Where, as here, the only basis for removal is the assertion of a federal counterclaim, the Court lacks subject matter jurisdiction.

## **FIFTEENTH AFFIRMATIVE DEFENSE**

The claims in the Counterclaim are barred in whole or in part by the Defendants' failure to mitigate damages.

## **SIXTEENTH AFFIRMATIVE DEFENSE**

The contract claims, express and implied, fail for lack of consideration and/or damages.

DATED this 29th day of June 2021
Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR#0588717
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Attorney for Plaintiff

By: /s/ Vincent B. Lynch
     Vincent B. Lynch