IN THE U.S DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

| | |
|---|---|
| **Vhaibhav Phukela**,<br>    Plaintiff(s)<br>v.<br>**A One Auto Sales, LLC, Desmond Joseph, Meeta Joseph, and Meeta Joseph, LLC**,<br>    Defendant(s) | Case No: 6:21-cv-919 |

### ANSWER, AFFIRMATIVE DEFENSES, AND JURY TRIAL DEMAND

#### ANSWER

Defendants, **A One Auto Sales, LLC, Desmond Joseph, Meeta Joseph, and Meeta Joseph, LLC**, answer the Plaintiff's Amended Complaint filed June 22, 2021 and state as follows in response to each paragraph thereof:

1. Without knowledge and therefore denied.

2. Admitted.

3. Admitted.

4. It is admitted that Desmond Joseph is the CEO of A One. It is admitted that Desmond Joseph resides in Orange County. It is admitted that MJLLC and A One do business in Orange County. Otherwise, denied.

5. This paragraph quotes and interprets statutes and legal authority, and the statutes and legal authority cited speak for themselves.

6. Denied.

7. It is admitted that venue is proper in this Court. Otherwise, denied.

8. It is admitted that this Court has personal jurisdiction over the parties and subject matter. Otherwise, denied.

## Plaintiff's "Facts" Section

9. It is admitted that Plaintiff and Defendants A One and Desmond Joseph were both involved in some capacity in the automobile dealership to be known as A One Auto Sales. Otherwise, denied.

10. Denied.

11. Denied.

12. Denied.

13. It is admitted that Desmond Joseph and A One no longer permit Plaintiff access to the assets of A One. It is denied that Plaintiff contributed "two years of work" to A One or that Plaintiff has any ongoing interest in A One given Plaintiffs' abandonment of his contractual duties to assist in the operation of A One, which was a material condition of his 20% beneficial interest in profit and loss sharing, and Plaintiff's theft of hundreds of thousands of dollars from A One. Otherwise, denied.

14. Denied

15. Denied.

16. This paragraph quotes language from Defendants' Answer to Plaintiff's Initial Complaint and/or Defendants' Counterclaim & Third-Party Complaint. Defendants' aforementioned pleadings speak for themselves. Otherwise, denied.

17. This paragraph quotes language from Defendants' Answer to Plaintiff's Initial Complaint and/or Defendants' Counterclaim & Third-Party Complaint. Defendants' aforementioned pleadings speak for themselves. Otherwise, denied.

18. This paragraph quotes language from Defendants' Answer to Plaintiff's Initial Complaint and/or Defendants' Counterclaim & Third-Party Complaint. Defendants' aforementioned pleadings speak for themselves. Otherwise, denied.

19. This paragraph quotes language from Defendants' Answer to Plaintiff's Initial Complaint and/or Defendants' Counterclaim & Third-Party Complaint. Defendants' aforementioned pleadings speak for themselves. Otherwise, denied.

20. This paragraph quotes language from Defendants' Answer to Plaintiff's Initial Complaint and/or Defendants' Counterclaim & Third-Party Complaint. Defendants' aforementioned pleadings speak for themselves. Otherwise, denied.

21. This paragraph quotes language from Defendants' Answer to Plaintiff's Initial Complaint and/or Defendants' Counterclaim & Third-Party Complaint. Defendants' aforementioned pleadings speak for themselves. Otherwise, denied.

22. Denied.

23. Admitted.

### Count 1 – Breach of Contract as to Defendants A One and Desmond Joseph

This count states allegations against Defendant A One and Desmond Josephs, only. Therefore, this answer is asserted on behalf of Defendants A One and Desmond Joseph only.

24. Defendants restate their responses to the preceding paragraphs.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

29. Denied.

30. Denied.

31. Denied.

32. Without knowledge and therefore denied.

### Count 2 – Unjust Enrichment as to all Defendants

33. Defendants restate their responses to the preceding paragraphs.

34. Denied

35. Denied.

36. Denied.

37. Denied.

38. Denied.

39. Denied.

### COUNT 3 – QUANTUM MERUIT AS TO DEFENDANT A ONE

This count states allegations against Defendant A One, only. Therefore, this answer is asserted on behalf of Defendant A One only.

40. Defendants restate their responses to the preceding paragraphs.

41. Denied.

42. Without knowledge and therefore denied.

43. Denied.

### COUNT 4 – EQUITABLE ACCOUNTING AS TO DEFENDANTS A ONE AND DESMOND JOSEPH

This count states allegations against Defendant A One and Desmond Joseph, only. Therefore, this answer is asserted on behalf of Defendants A One and Desmond Joseph only.

44. Defendants restate their responses to the preceding paragraphs.

45. Denied.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

### Count 5 – Breach of Fiduciary Duty as to Desmond Joseph

This count states allegations against Defendant Desmond Joseph, only. Therefore, this answer is asserted on behalf of Desmond Joseph only.

50. Defendants restate their responses to the preceding paragraphs.

51. Denied.

52. Without knowledge and therefore denied.

53. Denied.

### Count 6 – Conversion as to Defendant Desmond Joseph

This count states allegations against Defendant Desmond Joseph, only. Therefore, this answer is asserted on behalf of Defendant Desmond Joseph only.

54. Defendants restate their responses to the preceding paragraphs.

55. Denied.

56. Denied.

57. Denied.

58. Denied.

59. Denied.

60. Denied.

61. Denied.

### Count 7 – Indemnity as to Defendants A One and Desmond Joseph

This count states allegations against Defendant A One and Desmond Josephs, only. Therefore, this answer is asserted on behalf of Defendants A One and Desmond Joseph

62. Defendants restate their responses to the preceding paragraphs.

63. Denied.

64. Denied.

65. Denied.

## Affirmative Defenses

1. <u>Setoff – Counterclaims</u>. Any relief awarded to Plaintiff under Counts 1, 2, 3, 5, 6, and 7 should be set off and reduced by any amounts awarded to Defendants as set forth in Defendants' Counterclaim and Third-Party Complaint.

2. <u>Unclean Hands</u>. Counts 2, 3, and 4 fail because Plaintiff comes to this Court with unclean hands. Plaintiff has engaged in conduct in the course of business of the entities involved that would be condemned by honest and reasonable persons. Plaintiff's specific acts are more fully set forth in Defendants' Counterclaim and Third-Party Complaint.

3. <u>Corporate Veil</u>. Plaintiff cannot recover against Desmond Joseph and/or Meeta Joseph under Counts 1, 2, 3 or 4 absent a showing that the business entity was intentionally organized or employed to mislead creditors or to work a fraud upon them. It was not so organized.

4. <u>Abandonment of Contract</u>: Plaintiff cannot recover from Defendants A One and/or Desmond Joseph under Counts 1 and 3 because any contract between Defendants A One, Desmond Joseph, and Plaintiff was abandoned by Plaintiff when he stopped

performing his duties to assist in the operation of A One, and additionally when he stole hundreds of thousands of dollars from A One.

5.  <u>Breach by Other Party</u>: Plaintiff cannot recover from Defendants A One and/or Desmond Joseph under Counts 1 and 3 because Plaintiff unjustifiably refused to perform his part of the agreement in substantial part, particularly by failing to perform his duties to assist in the operation of A One, and by stealing hundreds of thousands of dollars from A One. As a result, Defendants A One and Desmond Joseph had the option to rescind the entire contract.

6.  <u>Damages Required</u>: Plaintiff cannot recover from Defendants A One and/or Desmond Joseph under Counts 1 and 3 because Plaintiff did not suffer any damages.

7.  <u>Consideration Required</u>: Plaintiff cannot recover from Defendants A One and/or Desmond Joseph under Counts 1 and 3 because of lack on consideration on the part of Plaintiff.

8.  <u>Breach of Covenant of Good Faith and Fair Dealing</u>: Plaintiff cannot recover from Defendants A One and/or Desmond Joseph under Counts 1 and 3 because Plaintiff stole hundreds of thousands of dollars from A One.

9.  <u>Consent</u>: Plaintiff cannot recover from Defendant Desmond Joseph under Count 6 because no cause of action for conversion lies where Plaintiff consented to a Defendant's possession.

10. <u>Contract Dispute</u>: Plaintiff cannot recover from Defendant Desmond Joseph under Counts 2, 3, or 6 because of the existence of a contract.

11. <u>Contract Dispute</u>: Plaintiff cannot recover from Defendant Desmond Joseph under Count 6 because where the parties are engaged in a contractual dispute over the amount owed and no fraud is involved, no conversion can occur.

12. <u>Obligation to Pay Money</u>: Plaintiff cannot recover from Defendant Desmond Joseph under Count 6 because, to the extent any moneys are owed to Plaintiff, a mere obligation to pay money may not be enforced by a conversion action.

13. <u>Without Fault</u>: Plaintiff cannot recover from Defendants Desmond Joseph and A One under Count 7 because Defendants are without fault.

14. <u>Limited Application</u>: In Florida, actions for indemnity have been restricted to situations involving either a duty, an express contract, or the existence of active and passive negligence. Plaintiff cannot recover from Defendants Desmond Joseph and A One under Count 7 because Plaintiff's claim for indemnity does not fit within one of the permitted instances described in the foregoing sentence.

15. <u>Failure to State a Claim</u>. All of Plaintiff's claims are barred or subject to dismissal, in whole or in part, for failure to state a plausible claim upon which relied may granted as they do not state plausible claims for relief and because Plaintiff combines all of of Plaintiffs' claims against the three Defendants together without specifying which facts support the claims for a particular Defendant. Further, the claims assert multiple claims against multiple parties without specifying which of the parties are responsible for which acts or omissions. In light of all of the claims' conclusory language, it does not give fair notice to defendants as to what claims and allegations are against each of them and the grounds upon which they rest. This applies to each of the claims in the Amended Complaint.

16. <u>Failure to allege a fiduciary relationship</u>. Counts 4 fails because Plaintiff failed to sufficiently allege a fiduciary relationship by Plaintiff with the Defendants, because their general allegations that the transactions at issue are complex are insufficient, and because their legal remedy by definition and based upon their 7 count Complaint is adequate.

17. <u>Failure to Mitigate</u>. Any relief awarded to Plaintiff under Counts 1, 2, or 3 should be reduced due to Plaintiff's failure to mitigate damages.

WHEREFORE, Defendants demand judgment for Defendants, that Plaintiff go hence without day, and such other relief as the Court may deem appropriate.

## COUNTERCLAIM

Defendants have previously asserted counterclaims against Plaintiff in Defendants' Counterclaim and Third-Party Complaint, and do not intend to amend them.

## JURY TRIAL DEMAND

Defendants demand a trial by jury on all matters so triable.

CERTIFICATE OF SERVICE

I hereby certify that on July 6, 2021, this document was filed with the CM/ECF system, which will automatically serve a copy on all CM/ECF participants.

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
BLOODWORTH LAW, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
Office: 407-777-8541
Mobile: 863-288-0234
Service emails:
KBrinson@LawyerFightsForYou.com
Counsel for Defendants