IN THE U.S DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

VAIBHAV PHUKELA,

           PLAINTIFF,

v.                                 Case No.6:21-cv-919

A ONE AUTO SALES, LLC, DESMOND
JOSEPH, MEETA JOSEPH AND
MEETA JOSEPH, LLC,

           DEFENDANTS.

## ANSWER AND AFFIMATIVE DEFENSES OF
## THIRD PARTY DEFENDANT MRV INVESTMENTS OF CANADA, LLC ("MRV")

COMES NOW MRV INVESTMENTS, through undersigned counsel and pursuant to the Federal Rules of Civil Procedure, and files this Answer and Affirmative Defenses to the Third Party Complaint of Defendants, A One Auto Sales, LLC ("A One"), Desmond Joseph ("Joseph"), Meeta Joseph and Meeta Joseph, LLC ("MJLLC"). Defendants commingle numerous separate factual allegations and claims regarding separate parties over many years and completely unrelated transactions in their Counterclaim and Third-Party Complaint. Most of the Defendants' allegations have no relevancy to MRV or the purported claims asserted against MRV and MRV lacks information sufficient to admit or deny them as a separate legal entity.

The Court lacks subject matter jurisdiction over this action requiring its remand to state court. **The only basis for jurisdiction asserted in this matter is Defendants' Third Party claim and Counterclaim in Count 12 under the Fair Labor Standards Act** which cannot support a

basis for jurisdiction.  Federal question counterclaims of a Defendant should not support original federal question jurisdiction in a removed non-diversity case. Pursuant to 28 U.S.C. Section 1447(c), if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.

## ANSWER

1. Admitted.

2. Admitted.

3. Admitted

4. Admitted.

5. Admitted.

6. Admitted.

7. Admitted.

8. Admitted.

9. Denied. This entity has been dissolved since 2018.

10. Admitted.

11. Denied. Federal counterclaims and defenses are inadequate to confer federal Jurisdiction.  The well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. Where, as here, the only basis for removal is the assertion of a federal counterclaim, the Court lacks subject matter jurisdiction.

12. Denied.

13. Denied.

14. These allegations are not directed to MRV.  MRV lacks sufficient knowledge to answer or deny these allegations.

15. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

16. MRV lacks sufficient knowledge to answer or deny these allegations.

17. Plaintiff formed MRV Investments. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

18. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

19. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

20. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

21. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

22. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

23. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

24. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

25. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

26. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

27. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

28. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

29. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

30. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

31. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

32. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

33. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

34. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

35. Denied.

36. Admitted only that an agreement exists and that such agreement including its mandatory and binding arbitration provision speak for themselves.

37. Joseph breached the agreement from its inception in multiple material ways and was not entitled to the payments he alleges. Otherwise denied.

38. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

39. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

40. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

41. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

42. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

43. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

44. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

45. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

46. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

47. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

48. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

49. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

50. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer

or deny these allegations.

51. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

52. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

53. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

54. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

55. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

56. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

57. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

58. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

59. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

60. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

61. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

62. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

63. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

64. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

65. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

66. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

67. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

68. Denied.

69. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

70. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

71. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

72. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

73. Admitted Defendant attempts to assert such cause of action. Otherwise denied.

74. MRV'S responses to the allegations of paragraphs 1 through 72 are hereby

incorporated by reference.

75. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

76. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

77. Denied as to MRV. MRV denies each of the Defendants' wherefore clauses in the claims alleged against MRV.

78. Admitted that Defendants attempt to assert such cause of action. Otherwise denied.

79. MRV's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

80. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

81. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

82. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

83. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

84. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

85. MRV's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

86. These allegations are not directed to MRV. MRV lacks sufficient knowledge to answer

or deny these allegations.

87. These allegations are not directed to MRV.  MRV lacks sufficient knowledge to answer or deny these allegations.

88. These allegations are not directed to MRV.  MRV lacks sufficient knowledge to answer or deny these allegations.

89. These allegations are not directed to MRV.  MRV lacks sufficient knowledge to answer or deny these allegations.

90. These allegations are not directed to MRV.  MRV lacks sufficient knowledge to answer or deny these allegations.

91. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

92. MRV's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

93. Denied as to MRV.  The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

94. Denied as to MRV.  The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

95. Denied as to MRV.  The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

96. Denied as to MRV.  The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

97. Denied as to MRV.  The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

98. Denied as to MRV.  The remaining allegations are not directed to MRV. MRV lacks

sufficient knowledge to answer or deny these allegations.

99. MRV's responses each of the prior allegations of the Counterclaim are hereby incorporated by reference.

100. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

101. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

102. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

103. Admitted Defendants attempt to assert such claims. Otherwise denied.

104. MRV's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

105. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

106. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

107. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

108. Denied as to MRV. The remaining allegations are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations.

109. The allegations of paragraphs 109-133 of the Counterclaim and Third Party

Complaint are not directed to MRV. MRV lacks sufficient knowledge to answer or deny these allegations. This response is incorporated by reference into each of such paragraphs identified below.

110.

111.

112.

113.

114.

115.

116.

117.

118.

119.

120.

121.

122.

123.

124.

125.

126.

127.

128.

129.

130.

131.

132.

133.

134. Admitted Defendants attempt to assert such cause of action. Otherwise denied.

135. MRV's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

136. Admitted only the Agreement speaks for itself.

137. Admitted only the Agreement speaks for itself.

138. Admitted only the Agreement speaks for itself.

139. Admitted only the Agreement speaks for itself.

140. Denied.

141. Denied.

142. Denied.

143. Admitted Defendant attempts to assert such cause of action. Otherwise denied.

144. MRV's responses to the allegations of paragraphs 1 through 72 are hereby incorporated by reference.

145. Denied.

146. Denied.

147. Denied.

148. Denied.

149. Denied.

150. Denied.

151.    Denied.

152.    Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Any relief afforded the Defendants through shall be set-off by the relief awarded MRV including costs and attorney's fees.

### SECOND AFFIRMATIVE DEFENSE

Defendants' claims are barred or subject to dismissal, in whole or in part, for failure to state a plausible claim upon which relied may granted as they do not state plausible claims for relief and because Defendants combine all of Counterclaim-Plaintiffs' claims together and assert such claims against the Plaintiff and the separate third-party Defendants generally without specifying which facts support the claims for a particular Counter-plaintiff as to the Plaintiff. Such claims assert multiple claims against multiple parties involving distinct alleged and unrelated transactions without specifying which of the parties are responsible for which acts or omissions, or what claims are brought against a particular party.  Most of these claims and allegations should be stricken.  In light of the conclusory language and over-use of incorporations by reference, mere reference to "all the Phukela Parties", "all the Joseph Parties" and that "the transactions between the parties are extensive and complicated" does not give fair notice what |claim and allegations are against which party and the grounds upon which they rest. This applies to each of the claims all of which should be bifurcated.

## TIHRD AFFIRMATIVE DEFENSE

The claims are barred or subject to dismissal, in whole or in part, for improper incorporation by reference. Each of the Counts incorporate all or most of the preceding material by reference. Such repeated incorporations by reference fill each count with factual allegations that could not possibly be material to that specific count in violation of Rule 10(b)'s requirement to plead separate claims in separate counts. This makes a failure-to-state-a claim analysis a matter of guesswork rather than a reasoned decision.

## FOURTH AFFIRMATIVE DEFENSE

Defendants' equitable accounting claims are barred or should be dismissed because they have failed to sufficiently allege a fiduciary relationship and because their general allegations that the transactions at issue are complex are insufficient, and because their legal remedy is adequate. To establish a fiduciary relationship, a party must allege some degree of dependency on one side and some degree of undertaking on the other side to advise, counsel, and protect the weaker party. Defendants failed to so plead. A party seeking an accounting based on the complexity of the transaction must show that the transactions are so complicated that a jury would not be able to ascertain damages and a remedy at law is inadequate, which the Defendants also failed to allege. Defendants assert claims by all the "Joseph Parties" against all the "Phukela Parties" for an equitable accounting yet fail to delineate any specific basis to support such a claim by any particular "Joseph Party" against any particular "Phukela Party".

## FIFTH AFFIRMATIVE DEFENSE

The Defendants' implied contract claims are barred or should be dismissed because an alleged oral or written agreement exists governing the relationship of the parties and because such claims involve multiple parties in relation to unrelated transactions together in on purported

implied in contract claim.

## SIXTH AFFIRMATIVE DEFENSE

Defendants' alter ego doctrine and piercing the corporate veil claims are barred and/or subject to dismissal or being stricken, in addition to the grounds previously asserted, because they are irrelevant and can only be presented if the corporation itself is found liable and the judgment against the corporation is unsatisfied.  Defendants also fail to sufficiently allege and cannot prove a lack of separateness between the corporation and its shareholder; improper conduct in the use of the corporation by the shareholder; and  that the improper conduct was the proximate cause of the alleged loss.  Defendants have not alleged and cannot show that the corporation's independent existence, was in fact non-existent.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all claims relating to Plaintiff and MRV Investments of Canada, LLC are subject to binding arbitration and should be stayed or dismissed.

## EIGHTH AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in part by the equitable defense of unclean hands that bars relief for their own inequitable behavior, fraud, or deceit as shown, among other ways, by the many false statements in the Third Party Complaint.

## NINTH  AFFIRMATIVE DEFENSE

Defendants' claims are barred in whole or in part under the first breach doctrine.

## TENTH AFFIRMATIVE DEFENSE

Defendants' equitable and implied in fact or law claims are barred in whole or in part by the alleged existence of oral and written contracts that govern the parties and subject matter.

**ELEVENTH AFFIRMATIVE DEFENSE**

The tortious interference claims are barred in whole or in part by the protection privilege.

**TWELFTH AFFIRMATIVE DEFENSE**

The Defendants' claim for declaratory judgment, like many of their claims, falls far short of stating a claim upon which relief may be granted. Defendants fail to assert many of the required and necessary elements of this cause of action including the present, ascertained or ascertainable state of facts or present controversy as to a state of facts; the antagonistic and adverse interest(s) are all before the court by proper process and the relief sought is not merely giving of legal advice. Defendants' allegations are vague, conclusory and fail to meet the pleading requirements of the Federal Rules of Civil Procedure.

**THIRTEENTH AFFIRMATIVE DEFENSE**

The claims under the Fair Labor Standards Act are barred by the applicable statute of limitations. These claims also fail because they do not allege how the Defendants are covered employers under FLSA minimum wage and overtime compensation requirements or that they are even an enterprise engaged in commerce or in the production of goods for commerce. Joseph also failed to allege that he was a covered non-exempt employee under the FLSA. Joseph failed to state a claim for a violation of the FLSA because he did not allege facts that, if proved, would establish individual or enterprise coverage under the FLSA. Joseph makes no allegations regarding coverage or commerce. Joseph makes no specific allegations and provides no factual context regarding the hours he allegedly worked without adequate compensation. In fact, he worked no hours and his FLSA claim and breach of contract claims are frivolous. Joseph fails to establish a plausible claim by not estimating the length of his average workweek during the applicable period and the average rate at which he was paid, the

amount of overtime wages he believes he is owed, or any other facts that will permit the court to find plausibility.

## FORTEENTH AFFIRMATIVE DEFENSE

The Court lacks subject matter jurisdiction. Plaintiff's Amended Complaint does not contain any federal question basis for jurisdiction, there is no diversity jurisdiction and Defendants' Counterclaim and Third-Party Claims cannot support federal jurisdiction in this case. Federal counterclaims and defenses are inadequate to confer federal jurisdiction. The well-pleaded complaint rule does not allow a counterclaim to serve as the basis for a district court's "arising under" jurisdiction. Where, as here, the only basis for removal is the assertion of a federal counterclaim, the Court lacks subject matter jurisdiction.

## FIFTEENTH AFFIRMATIVE DEFENSE

The claims are barred in whole or in part by the Defendants' failure to mitigate damages.

## SIXTEENTH AFFIRMATIVE DEFENSE

The contract claims, express and implied, fail for lack of consideration and/or damages.

DATED this 15th day of July 2021
Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR#0588717
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida 32819
Attorney for Plaintiff

By:   /s/ Vincent B. Lynch
        Vincent B. Lynch