IN THE U.S DISTRICT COURT, MIDDLE DISTRICT OF
FLORIDA, ORLANDO DIVISION

**Vhaibhav Phukela**,
  Plaintiff(s)

v.

**A One Auto Sales, LLC, Desmond Joseph, Meeta Joseph, and Meeta Joseph, LLC**,
  Defendant(s)

Case No: 6:21-cv-919

### JOINT MOTION TO VACATE FLSA SCHEDULING ORDER

Plaintiff and Defendants, A One Auto Sales, LLC, Desmond Joseph, Meeta Joseph, and Meeta Joseph, LLC **("Defendants")**, move to vacate the FLSA Scheduling Order (Doc. 12) and state as follows:

1. Plaintiff commenced this action by filing his Complaint in the Circuit Court of the Ninth Judicial Circuit, Orange County, Florida, on or about April 29, 2021 ("**Complaint**").

2. The Complaint asserted a claim under the Fair Labor Standards Act ("**FLSA**").

3. On or about May 27, 2021, Defendants filed a Notice of Removal to this Court. (Doc. 1).

4. Defendants filed their Answer to the Complaint on June 4, 2021 ("**Answer**", Doc. 3).

5. Defendants filed their Counterclaim & Third-Party Complaint ("**Counterclaim**", Doc. 8) on June 9, 2021. Among other things, the Defendants' Counterclaim asserted an FLSA counterclaim against Plaintiff and an FLSA-based Third-Party claim against a new third-party Defendant, MRV Investments Canada, LLC.

6. This case involves two individuals and multiple business entities. Essentially, the original Complaint asserted that the Plaintiff, an individual, was an employee of one of the Defendant entities, and the Counterclaim and Third-Party Complaint asserts that one of the individual Defendants was an employee of the individual Plaintiff and one of his business entities.

7. On June 11, 2021, the Court issued a Scheduling Order ("**FLSA Scheduling Order**"; Doc. 12), specifically designed for simple FLSA cases in which the Plaintiff has made an FLSA claim against the Defendant. The FLSA Scheduling Order did not address the FLSA claim made in the

Counterclaim and Third-Party Complaint, or contemplate any of the other claims at issue.

8. On June 22, 2021, Plaintiff filed an Amended Complaint ("**Amended Complaint**") and removed the original FLSA claim from the Complaint. (The FLSA claim in the Counterclaim and Third-Party Complaint remains.)

9. The FLSA Scheduling Order (Doc. 12) is no longer practical or necessary because the claim to which it was directed has been removed from the case.

10. Although an FLSA-based counterclaim and third-party claim remain in this case, this case involves multiple claims against multiple parties, many of which are not FLSA claims. Therefore, the most efficient way of proceeding in this matter is to vacate the FLSA Scheduling Order and order the parties to conduct a Rule 26(f) conference within a reasonable amount of time that contemplates discovery on all claims at issue.

WHEREFORE, Plaintiff and Defendants request an order vacating the FLSA Scheduling Order (Doc. 12) and directing the parties to conduct

a conference under Rule 26(f) within 30 days of the date of the order or such other matters as the Court deems proper.

Respectfully submitted,

Dated this 22nd day of July, 2021

/s/ J. Kemp Brinson
J. Kemp Brinson
Fla. Bar No. 752541
BLOODWORTH LAW, PLLC
801 N. Magnolia Ave. Suite 216
Orlando, FL 32803
Office: 407-777-8541
Mobile: 863-288-0234
KBrinson@LawyerFightsForYou.com
Counsel for Defendants

/s/  Vincent B. Lynch
Vincent B. Lynch, Esq.
FL BAR# 0917801
vincent@elpglobal.com
Carlos J. Bonilla
FL BAR#0588717
carlos@elpglobal.com
ELP Global, PLLC
7901 Kingspointe Parkway, Suite 8
Orlando, Florida
32819
Attorney for Plaintiff