UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

VHAIBHAV PHUKELA,

        Plaintiff,

v.                                                    Case No: 6:21-cv-919-WWB-EJK

A ONE AUTO SALES, LLC, DESMOND
JOSEPH, MEETA JOSEPH and MEETA
JOSEPH, LLC,

        Defendants/Third
        Party Plaintiff,

ESSO CANADA, LLC, FIRST POWER
CORPORATION and MRV
INVESTMENTS OF CANDA, LLC,

        Third Party
Defendants.
_____/

## ORDER

        THIS CAUSE is before the Court on the parties' Responses (Doc. Nos. 22, 23) and Defendants' Amended Response (Doc. 24) to Magistrate Judge Embry J. Kidd's Order to Show Cause (Doc. 21) why this case should not be remanded for lack of subject matter jurisdiction. (Doc. 21 at 1, 3).

        Plaintiff filed a multi-count Complaint (Doc. 1-1) in state court alleging breach of contract claims and one claim under the Fair Labor Standards Act ("**FLSA**"). Defendants removed the case pursuant to 28 U.S.C. § 1441(a) and alleged subject matter jurisdiction under 28 U.S.C. § 1331. (Doc. 1 at 1). Thereafter, Plaintiff filed an Amended Complaint (Doc. 16) that no longer includes the FLSA claim. Defendants filed their Answer, Affirmative Defenses, and Jury Trial Demand (Doc. 18) and a Counterclaim and Third-

Party Complaint (Doc. 8), which included an FLSA claim. (*Id*. at 26). With Plaintiff's only federal claim gone, Magistrate Judge Kidd ordered the parties to demonstrate why the case should not be remanded. (*See generally* Doc. 21). Defendants initially asked this Court to exercise its discretion to retain jurisdiction over the case since it was properly removed, but they withdrew their initial Response and now consent to remand. (Doc. 22 at 10–11; Doc. 24 at 1).

The statute governing remand, 28 U.S.C. § 1447(c), "permits a case's reexamination after the time of removal to determine whether jurisdiction has been lost due to post-removal developments." *Maseda v. Honda Motor Co.*, 861 F.2d 1248, 1253 (11th Cir. 1988). Yet, events occurring after removal do not necessarily "oust" the district court's jurisdiction. *Poore v. Am.-Amicable Life Ins. Co. of Tex.*, 218 F.3d 1287, 1290–91 (11th Cir. 2000), *overruled on other grounds by Alvarez v. Uniroyal Tire Co.*, 508 F.3d 639 (11th Cir. 2007). "In making the discretionary determination of whether to remand, the Supreme Court has instructed courts to weigh the values of judicial economy, convenience, fairness, and comity." *Young v. Roy's Rest.*, No. 6:06-cv-178-Orl-19JGG, 2006 WL 2024946, at *2 (M.D. Fla. July 17, 2006).

Here, although the initial removal was proper because the original Complaint alleged an FLSA claim, Plaintiff voluntarily dropped the FLSA claim in the Amended Complaint. This case is in the early stages of litigation, substantial judicial resources have not been expended, and Defendants have withdrawn their objections to remand. *Cf. Young*, 2006 WL 2024946, at *3 (denying motion to remand where the plaintiff admitted that the sole reason for amending the complaint was to remove the basis for subject matter jurisdiction); *Estate of Olmstead v. Beverly Enters.-Fla., Inc.*, No. 96-1941-CIV-T-

17B, 1997 WL 155410, at *3–4 (M.D. Fla. Mar. 17, 1997) (remanding case to state court where the plaintiff voluntarily dropped federal claims after removal because the amended complaint was not filed for sole purpose of destroying federal jurisdiction and state law breach of contract claims could be handled more efficiently in state court).  Accordingly, it is **ORDERED** that this case is **REMANDED** to the Circuit Court of the Ninth Judicial Circuit, in and for Orange County, Florida, Case Number 2021-CA-004544-O.  The Clerk is directed to terminate all pending motions and close this case.

    **DONE AND ORDERED** in Orlando, Florida on September 15, 2021.

_____
WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Clerk of the Court of the Ninth Judicial Circuit in and for Orange County, Florida